Stephen **KOZUP**, et al., Appellant,

v.

**GEORGETOWN UNIVERSITY, d/b/a Georgetown University Medical Center, et al.**

No. 87–7169.

United States Court of Appeals, District of Columbia Circuit.

Argued April 22, 1988.

Decided July 15, 1988.

---

**438**

John G. Gill, Jr., Rockville, Md., for appellant.

Bruce M. Chadwick, with whom Fern P. O'Brian and Karen Shoos Lipton, Washington, D.C., were on the brief, for appellee, The American Red Cross.

J. Alan Galbraith, Washington, D.C., for appellee, Georgetown University.

Before MIKVA, BUCKLEY and SENTELLE, Circuit Judges.

Opinion for the Court filed by Circuit Judge SENTELLE.

SENTELLE, Circuit Judge:

Plaintiffs appeal from the District Court's grant of summary judgment as to all counts of their multi-count complaint against Georgetown University, d/b/a Georgetown University Medical Center (Georgetown), and the American Red Cross (ARC). For the reasons set forth below, we affirm the grant of summary judgment in its entirety as to the Defendant ARC and on all counts save one as to the Defendant Georgetown. On a single count against the Defendant Georgetown, we vacate and remand.

Appellants seek to recover from Georgetown and the American Red Cross for the wrongful death of their son, Matthew. Matthew was born January 10, 1983, at the High Risk Obstetrical Unit of Georgetown. His mother had entered that unit on December 26, 1982, when it appeared that the delivery of her child would be premature and, therefore, involve complications. Shortly after Matthew's birth, Georgetown began giving him blood transfusions for hypovolemia, a condition associated with premature birth. Over the course of the next few days, Matthew received a total of three blood transfusions. Georgetown admits that written parental consent for the transfusions was not obtained. Blood received by Matthew was contaminated with the virus now known to transmit Acquired Immune Deficiency Syndrome (AIDS). Tragically, the contaminated blood caused Matthew to contract AIDS. His short life was plagued with numerous opportunistic infections associated with AIDS until his untimely death on July 10, 1986. Further facts are set out in detail in the District Court opinion reported as *Kozup v. Georgetown University*, 663 F.Supp. 1048 (D.D.C.1987), both as to the specifics of Matthew's case and the state and medical knowledge of AIDS at relevant periods. We, therefore, will not extend this discussion of the factual background.

Plaintiffs' complaint attempted to set forth claims for relief under six theories:

(1) Negligence;

(2) Breach of implied warranty;

(3) Strict liability;

(4) Lack of informed consent;

(5) Violation of the District of Columbia Consumer Protection Act, D.C.Code

§§ 28–3901 *et seq.* (1981 & Supp. 1985), against both Defendants and;

(6) A separate allegation of battery solely against Georgetown.

Since the complaint sets forth events occurring in the District of Columbia and is within federal jurisdiction by reason of diversity of citizenship, 28 U.S.C. § 1332, the law of the District of Columbia applies. *Gray v. American Express Company,* 743 F.2d 10, 16 (D.C.Cir.1984). Judge Flannery's thorough and well-reasoned opinion properly applies that law to grant summary judgment in favor of both defendants as to the first five theories. We, therefore, affirm as to all counts relevant to those theories and adopt the opinion and reasoning of the District Court. However, as to the claim of battery against Georgetown, it appears that there yet remain substantial questions of material fact, so that as to that count against that defendant, we must vacate the entered summary judgment and remand for further proceedings.

▮▮▮ The difficulty with awarding a summary judgment in Georgetown's favor on the battery count lies in the failure of Georgetown to obtain any consent from the parents.[1] The general rule in the District of Columbia is that "[A] surgeon who performs an operation without his patient's consent commits an assault for which he is liable in damages." *Barnett v. Bachrach,* 34 A.2d 626, 627 (D.C.1943). In the case of a minor patient, the relevant consent is that of the parents. *Bonner v. Moran,* 126 F.2d 121 (D.C.Cir.1941).[2] Concededly, this doctrine is subject to certain exceptions. For example in situations where there is a *bona fide* medical emergency, or the patient is a "mature minor," or the minor's parents are not readily accessible, or the parents have given their implied consent, parental consent is not necessary. *See Bonner v. Moran,* 126 F.2d at 122 (dicta

approving the emergency exception, the difficulty of parental access, and the mature minor exception); *Barnett v. Bachrach, supra* (medical emergency can give rise to implied consent); and *Bakker v. Welsh,* 144 Mich. 632, 108 N.W. 94 (1906) (implied parental consent). In the instant case, Georgetown argues and the District Court held that the implied consent exception is applicable. As the District Court put it: "[T]he transfusions were absolutely necessary to save his [Matthew's] life. Confronted with a decision whether to permit this treatment or to decline it … no reasonable person in the Kozup's position would have declined." *Kozup,* 663 F.Supp. at 1054. It may well be that this is the case. Indeed, such a result may be highly probable. That, however, is not the standard. Despite recent opinions indicating a favorable climate for summary judgment, *e.g. Anderson v. Liberty Lobby,* 477 U.S. at 255, 106 S.Ct. at 2513, it is still the case that "[C]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict." Where, as here, the plaintiff is under no heightened burden of proof such as the one for "clear and convincing" evidence in the *Anderson v. Liberty Lobby* case, it takes but little evidence to create the necessary issue for trial. Plaintiffs here have offered some evidence relating to other possible courses of treatment, and Georgetown's evidence does not exclude those possibilities with the certainty required at the summary judgment level.

In reaching the conclusion as to the battery count, the District Court dealt with battery and lack of informed consent in a single section of its opinion. No doubt this organization of the opinion was based on

---

**1.** For purposes of reviewing the grant of a summary judgment, "[T]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986).

**2.** Decisions of this Court decided prior to February 1, 1971, the effective date of the District of

Columbia Court Reform and Criminal Procedure Act of 1970, Pub.L. No. 91–358, constitute authoritative precedent on the law of the District of Columbia unless reversed by an *en banc* decision of the District of Columbia Court of Appeals. *M.A.P. v. Ryan,* 285 A.2d 310 (D.C. 1971).

the confusion of the two in plaintiffs' complaint. As the District Court correctly noted, the independent tort of lack of informed consent under District of Columbia law is a species of negligence and requires among its elements the existence of "[A] material risk associated with ... treatment which plaintiff's physician failed to disclose and which, if disclosed, would have caused plaintiff to decline that course of treatment which resulted in plaintiff's injury." *Kozup*, 663 F.Supp. at 1053 (citing *Canterbury v. Spence*, 464 F.2d 772 (D.C.Cir.1972)).

The District Court then held that in this case there was no failure to inform of a material risk, for the reasons set forth in the opinion. While this was entirely correct as to the independent tort of lack of informed consent, the same is not totally imported into the battery. Georgetown's problem with the battery claim is not that there was a failure to inform before obtaining consent, but that there was no consent at all. While Georgetown argues that there is no necessity to obtain parental consent for life-saving treatment, they have shown us no case in which that alone has been the foundation for a directed verdict or a summary judgment in a non-emergency circumstance. Therefore, while we certainly do not express an opinion that plaintiffs should recover on this theory, we are compelled to conclude that Georgetown is not on the present record entitled to a summary judgment on this one theory of recovery.

The summary judgment entered by the District Court is affirmed in part, vacated and remanded in part as to the Defendant Georgetown for further proceedings consistent with this opinion.