Gerald Wilson underwent cardiopulmonary bypass surgery in February 1986 at the University of Alabama Hospital in Birmingham. During the surgery and recovery period, Wilson received several units of blood that had been supplied by the American Red Cross (hereinafter "Red Cross"). After his surgery, Wilson tested positive for hepatitis B. Wilson, claiming that he had contracted hepatitis B from the blood he had received, sued the Red Cross, alleging breach of contract, breach of warranty, and negligence or wantonness in testing, screening, and packaging or in failing to test, screen, and package the blood units. Wilson also alleged liability under the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD") for supplying an unreasonably dangerous product.
On August 17, 1989, the trial court entered a summary judgment in favor of the Red Cross "to the extent that any claim[s] by the plaintiff against these defendants [are subject to] the Alabama Medical Liability Act [the claims] shall be and are hereby dismissed." The Red Cross then moved for a summary judgment on any remaining claims, and on July 30, 1991, the trial court entered another summary judgment in favor of the Red Cross. Wilson appeals from that second summary judgment.
Wilson first contends that the title of Ala. Code 1975, §7-2-314, as adopted by the legislature, i.e., "Implied Warranty: Merchantability; usage of trade," limits the scope of that section and that the section does not apply to actions other than breach of implied warranty of merchantability. Section 7-2-314(4) provides:
 "Procuring, furnishing, donating, processing, distributing, or using human whole blood, plasma, blood products, blood derivatives, and other human tissues such as corneas, bones or organs for the purpose of injecting, transfusing, or transplanting any of them in the human body is declared for all purposes to *Page 218 
be the rendition of a service by every person participating therein and whether any remuneration is paid therefore is declared not to be a sale of such whole blood, plasma, blood products, blood derivatives, or other human tissues."
Under the rules of statutory construction, this Court is bound to interpret the unambiguous language of a statute to mean what it says. Coastal States Gas Transmission Co. v.Alabama Public Service Comm'n, 524 So.2d 357 (Ala. 1988). When drafting § 7-2-314, our legislature specifically used the language "for all purposes." Applying our rules of statutory construction, this Court holds that the legislature intended §7-2-314(4) to be applicable for all purposes, including negligence actions, breach of contract actions, and actions brought under the AEMLD.
Wilson next contends that the Red Cross is not within the term "health care provider" as that term is defined in Ala. Code 1975, § 6-5-542 (part of the Alabama Medical Liability Act of 1987), and that, therefore, his negligence and wantonness claims are not subject to the provisions of § 6-5-542. The Red Cross contends that it qualifies as an "other health care provider" under § 6-5-542 and that the Act therefore applies to it.
Section 6-5-542 provides a cause of action against a health care provider based on a breach of the appropriate standard of care. The term "health care provider" is defined in § 6-5-542
as "[a] medical practitioner, dental practitioner, medical institution, physician, dentist, hospital, or other health care provider as those terms are defined in § 6-5-481." Section6-5-481(8) defines "other Health Care Provider" as "[a]ny professional corporation or any person employed by physicians, dentists or hospitals who are directly involved in the delivery of health care services."
This Court has never addressed the issue of whether the collecting and supplying of blood is a health care service; however, the Supreme Court of South Carolina, in Doe v.American Red Cross Blood Services, 297 S.C. 430,377 S.E.2d 323, 326 (1989), stated:
 "Having concluded that South Carolina recognizes a professional standard of care, we must next decide whether the collection and processing of blood for transfusion is a medical service.
 "We acknowledged in Samson v. Greenville Hospital System, 295 S.C. 359, 368 S.E.2d 665 (1988), that § 44-43-19 reflected a legislative intent to . . . characterize the transfusion of blood as a medical service. 368 S.E.2d at 667. Since the transfusion of blood is characterized as a skilled medical service, then we hold that the Red Cross, as a blood collector and processor, should be treated as a professional. Thus, in order to maintain her action for negligence, Doe must prove that the Red Cross failed to conform to the generally recognized and accepted practices in its profession.
 "We find ample support for our holding in other jurisdictions. See, Shelby v. St. Luke's Episcopal Hospital, Civ.Action No. H-86-3780 (S.D.Tex. Mar. 17, 1988) [1988 WL 28996]; Hines v. St. Joseph's Hospital, 86 N.M. 763, 527 P.2d 1075 (Ct.App.), cert. denied, 87 N.M. 111, 529 P.2d 1232 (1974); Hutchins v. Blood Services of Montana, 161 Mont. 359, 506 P.2d 449 (1973); Kozup v. Georgetown University, 663 F. Supp. 1048 (D.D.C. 1987); aff'd in relevant part, 851 F.2d 437 (D.C. Cir. 1988)."
The record in the instant case reveals that when Wilson received the allegedly defective blood, the Red Cross was under a contract with the University of Alabama Hospital to supply blood to the hospital. The record further reveals that the activities of the Red Cross are highly technical and require supervision and participation by a physician and other trained technical personnel. Based on this evidence, we conclude that the Red Cross is employed by the hospital and that the Red Cross is directly involved in the delivery of health care services. We agree with the South Carolina Supreme Court that the collection and processing of blood for transfusion is a medical service and that the Red Cross, as a blood collector and processor, should be treated as a professional. Doe v.American Red Cross Blood Services, supra. We *Page 219 
hold, therefore, that the Red Cross is an "other health care provider" under § 6-5-542 and that the standard of care applicable to the Red Cross is set forth in Ala. Code 1975, §6-5-542(2).
Section 7-2-314(4) applies to actions alleging breach of contract and breach of warranty, and on appeal Wilson has made no arguments relating to the trial court's summary judgment of August 17, 1989, regarding the claims subject to the Alabama Medical Liability Act. Therefore, we affirm the judgment of the trial court.
AFFIRMED.
HORNSBY, CJ., and MADDOX, SHORES, ADAMS and INGRAM, JJ., concur.