Carol B. BRADWAY, and David E. Bradway, Plaintiffs–Appellants,

v.

The AMERICAN NATIONAL RED CROSS, Defendant–Appellee.

No. 91–8690.

United States Court of Appeals, Eleventh Circuit.

July 7, 1992.

See also 132 F.R.D. 78.

George H. Connell, Jr., Parkerson, Shelfer and Connell, Decatur, Ga., for plaintiffs-appellants.

Judith A. Powell, Kilpatrick and Cody, Atlanta, Ga., Bruce M. Chadwick, Julia L. Erickson, Arnold and Porter, Edward L. Wolf, American Nat. Red Cross, Washington, D.C., for defendant-appellee.

Before TJOFLAT, Chief Judge, BIRCH, Circuit Judge, and RONEY, Senior Circuit Judge.

PER CURIAM:

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF GEORGIA PURSUANT TO O.C.G.A. § 15-2-9 (1985).

TO THE SUPREME COURT OF GEORGIA AND ITS HONORABLE JUSTICES:

It appears to the United States Court of Appeals for the Eleventh Circuit that this case involves an unanswered question of Georgia law that is determinative of this cause of action. We therefore certify the question for resolution by the Supreme Court of Georgia.

On April 7, 1983, doctors at the Emory University Hospital (Emory Hospital) transfused two units of whole blood into Carol Bradway after performing reconstructive surgery on Ms. Bradway. Emory Hospital obtained the blood from the American National Red Cross (the Red Cross), a charitable, not-for-profit organization operating "blood banks," i.e., facilities engaged in the collection of human blood from volunteer donors for distribution to organizations providing medical services. *See* O.C.G.A. § 31–22–1(2) (1991). The Red Cross had no direct contact with Ms. Bradway but merely provided blood to Emory Hospital for use in Ms. Bradway's treatment.

On July 19, 1988, Ms. Bradway's doctor informed her that she was infected with the Human Immunodeficiency Virus (HIV). On April 19, 1989, Ms. Bradway and her husband, David Bradway, filed a complaint in Georgia state court alleging that Ms. Bradway contracted HIV from the blood supplied to Emory Hospital by the Red Cross. The Bradways allege in their complaint that the Red Cross was negligent in screening blood donors and in testing blood samples for the presence of HIV; specifically, the Bradways contend that the Red Cross, by not asking potential blood donors whether they are homosexuals, negligently failed to identify individuals possessing a high risk of being infected with HIV. The Bradways seek compensatory damages.

Pursuant to 28 U.S.C. §§ 1441, 1446 (1988),[1] the Red Cross removed the Brad-

---

1. 28 U.S.C. § 1441 states, in pertinent part:

    (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

    The Red Cross asserted federal question jurisdiction based on 36 U.S.C. § 2 (1988), which states, in pertinent part:

    "The American National Red Cross" ... shall have ... the power to sue and be sued in courts of law and equity, State or Federal, within the jurisdiction of the United States....

    28 U.S.C. § 1446(a)–(b) provides, in pertinent part:

    (a) A defendant or defendants desiring to remove any civil action ... from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process,

ways' action to the United States District Court for the Northern District of Georgia. The Red Cross then moved the district court to dismiss the Bradways' action because, according to the Red Cross, Georgia's statutes of limitation and ultimate repose for medical malpractice suits barred their suit. *See* O.C.G.A. § 9–3–71 (1991 Cumulative Supp.) (Georgia's statutes of limitation and ultimate repose);[2] *see also id.* § 9–3–70 (1982) (defining "action for medical malpractice").[3] The Bradways responded that they did not bring an action alleging medical malpractice but rather "ordinary" negligence. The district court, concluding that under Georgia law "an action against a blood bank for the negligent collection and supply of human blood is an action for medical malpractice," granted the Red Cross' motion and dismissed the case.

The Bradways appeal the district court's dismissal of their suit. The Bradways contend that the district court erred by holding that Georgia's statutes of limitation and ultimate repose for medical malpractice suits apply to a suit alleging ordinary negligence in screening blood donors and in testing blood samples. According to the Bradways, the district court incorrectly treated their case as an action alleging

medical malpractice rather than "ordinary" negligence.

The Supreme Court of Georgia has not resolved the issue of whether an action against a blood bank for the negligent collection and supply of human blood is an action for medical malpractice, *see Bradway v. American Nat'l Red Cross*, No. 91–8690 (N.D.Ga. July 8, 1991). Because resolution of this issue of Georgia law will determine whether the Bradways' suit was dismissed properly by the district court, we certify the following question to the Supreme Court of Georgia:

IS A SUIT ALLEGING THAT A NOT–FOR–PROFIT BLOOD BANK WAS NEGLIGENT IN COLLECTING AND SUPPLYING HUMAN BLOOD—INCLUDING SCREENING VOLUNTEER BLOOD DONORS AND TESTING BLOOD FOR THE PRESENCE OF HUMAN IMMUNODEFICIENCY VIRUS (HIV)—AN ACTION FOR MEDICAL MALPRACTICE AND THUS SUBJECT TO GEORGIA'S STATUTES OF LIMITATION AND REPOSE FOR MEDICAL MALPRACTICE ACTIONS, O.C.G.A. § 9–3–71?

We do not intend the particular phrasing of this question to limit the Supreme Court of Georgia in its consideration of the problems posed by the entire case. In order to assist consideration of the question, the entire

---

pleadings, and orders served upon such defendant or defendants in such action.

(b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

2. O.C.G.A. § 9–3–71 states, in pertinent part:

(a) Except as otherwise provided in this article, an action for medical malpractice shall be brought within two years after the date on which an injury or death arising from a negligent or wrongful act or omission occurred.

(b) Notwithstanding subsection (a) of this Code section, in no event may an action for medical malpractice be brought more than five years after the date on which the negligent or wrongful act or omission occurred.

(c) Subsection (a) of this Code section is intended to create a two-year statute of limitations. Subsection (b) of this Code section is intended to create a five-year statute of ultimate repose and abrogation.

3. O.C.G.A. § 9–3–70 states:

As used in this article, the term "action for medical malpractice" means *any claim for damages* resulting from the death or injury to any person arising out of:

(1) Health, medical, dental, or surgical service, diagnosis, prescription, treatment, or care rendered by a person authorized by law to perform such service or by any person acting under the supervision and control of the lawfully authorized person; or

(2) Care or service rendered by any public or private hospital, nursing home, clinic, hospital authority, facility, or institution, or by any officer, agent, or employee thereof acting within the scope of his employment. (Code 1933, § 3–1101, enacted by Ga.L.1976, p. 1363, § 1.)

(Emphasis added.)

record, along with the parties' briefs, shall be transmitted to the Supreme Court of Georgia.

IT IS SO ORDERED.