**John DOE and Jane Doe,
Plaintiffs–Appellants,**

**v.**

**AMERICAN NATIONAL RED CROSS, a
Corporation, Defendant–Appellee.**

**No. 92–2561.**

United States Court of Appeals,
Seventh Circuit.

Decided Oct. 15, 1992.

Joseph D. Becker, John P. Stuber, Bridget Rabb, Sauer, Becker, Flanagan & Lynch, La Crosse, Wis., A. Bruce Jones, Maureen R. Witt, Steven C. Choquette, Holland & Hart, Denver, Colo., for plaintiffs-appellants.

Donald K. Schott, Anthony A. Tomaselli, Quarles & Brady, Madison, Wis., Bruce Chadwick, Jacqueline R. Denning, Julia L.

Erickson, Arnold & Porter, Washington, D.C., for defendant-appellee.

Before FLAUM, COFFEY, and RIPPLE, Circuit Judges.

RIPPLE, Circuit Judge.

This matter is before the court on a Motion to Certify a Question of State Law to the Wisconsin Supreme Court filed by Appellants, John and Jane Doe. Appellee is the American National Red Cross ("Red Cross"). The question involves a determination of which Wisconsin statute provides the proper limitations period for a cause of action brought by the Does after John Doe contracted the Human Immunodeficiency Virus ("HIV") from a blood transfusion. For the reasons stated below, we grant the motion and certify the question to the Wisconsin Supreme Court.

## I

## BACKGROUND

### A. *Facts*

Between December 26 and 28, 1983, John Doe was hospitalized in St. Joseph's Hospital in Arcadia, Wisconsin, with gastrointestinal bleeding. On two separate occasions, he received transfusions of two units of packed blood cells. One of the units that he received on December 28, 1983, was identified as unit number 17M30013, which had been collected in Minnesota on December 8, 1983.

On August 11, 1988, the Minnesota chapter of the Red Cross was notified by the Minnesota Department of Health that the donor of unit 17M30013 had tested positive for HIV. On November 2, 1988, the Medical Director of the Red Cross wrote to St. Joseph's Hospital, notifying the hospital of the infected blood that had made its way there in December, 1983. St. Joseph's Hospital informed the Red Cross that John Doe had been a recipient of the infected blood, and on December 15, 1988, St. Joseph's Hospital contacted John Doe, informing him of the contaminated blood and advising him to obtain a blood test. On December 16, 1988, John Doe had his blood tested and was informed the same day that it was tested positive for the HIV antibody.

### B. *District Court Proceedings*

On October 18, 1991, the Does filed an action against the Red Cross for negligence in screening blood donors and in testing blood to be used for transfusions. The parties filed cross-motions for summary judgment. The Red Cross raised, among other arguments,[1] a statute of limitations defense. On June 18, 1992, the district court granted the Red Cross' motion, ruling that the action was timebarred pursuant to Wisconsin Statutes Annotated Section 893.55,[2] which governs actions against health care providers. 796 F.Supp. 395. The district court rejected the Does' argument that the governing statute of limitations was the more liberal one provided by Wisconsin's personal injury statute, Section 893.54.[3]

The specific question before the district court, which it answered in the affirmative,

---

1. Because of the district court's disposition of the case, it did not reach any issue other than the statute of limitations.

2. Wisconsin Statutes Annotated Section 893.55 (West 1983) states in pertinent part:
   893.55. Limitation of Actions; medical malpractice
   (1) Except as provided by subs. (2) and (3), an action to recover damages for injury arising from any treatment or operation performed by, or from any omission by, a person who is a health care provider, regardless of the theory on which the action is based, shall be commenced within the later of
   (a) Three years from the date of the injury, or

   (b) One year from the date the injury was discovered or, in the exercise of reasonable diligence should have been discovered, except that an action may not be commenced under this paragraph more than 5 years from the date of the act or omission.

3. Wisconsin Statutes Annotated Section 893.54 (West 1983) states:
   The following actions shall be commenced within 3 years or be barred:
   (1) An action to recover damages for injuries to the person.
   (2) An action brought to recover damages for death caused by the wrongful act, neglect or default of another.

was whether the Red Cross, in its role as collector, processor, and distributor of blood products, may be classified as a "health care provider" for purposes of Wisconsin's medical malpractice statute. The scope of "health care provider," a term not defined in the chapter, was addressed by the Wisconsin Supreme Court in *Clark v. Erdmann*, 161 Wis.2d 428, 468 N.W.2d 18 (1991). In *Clark*, the court ruled that a podiatrist is a health care provider. As the district court recognized, however, blood banks present a closer question. Nonetheless, the district court ruled, on the strength of *Clark* and its interpretation of Section 893.55, that blood banks may be considered health care providers. The court reasoned that blood banks are "an integral part of the health care process ... [and blood bank services are] vital in helping to insure the health of the ultimate recipient of the transfusion." Opinion at 402.

## II

## DISCUSSION

Seventh Circuit Rule 52 provides that [w]hen the rules of the highest court of a state provide for certification to that court by a federal court of questions arising under the laws of that state which will control the outcome of a case pending in the federal court, this court, *sua sponte*, or on motion of a party, may certify such a question to the state court in accordance with the rules of that court, and may stay the case in this court to await the state court's decision of the question certified. The certification will be made after the briefs are filed in this court. A motion for certification shall be included in the moving party's brief.

Wisconsin Statutes Annotated Section 821.01 provides for such certification:

The supreme court may answer questions of law certified to it by the supreme court of the United States, a court of appeals of the United States or the highest appellate court of any other state when requested by the certifying court if there are involved in any proceeding before it questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the supreme court and the court of appeals of this state.

■ We believe that certification to the Wisconsin Supreme Court is appropriate in this case. Indeed, this issue is particularly suited to certification. First, it concerns a matter of vital public concern that, unfortunately, is likely to touch the lives of many people not presently before us. *Cf. Woodbridge Place Apartments v. Washington Square Capital, Inc.*, 965 F.2d 1429, 1434 (7th Cir.1992) ("[F]act specific, particularized decisions that lack broad, general significance are not suitable for certification."). It would be more appropriate for the Supreme Court of Wisconsin to address this statute of limitations question than the federal judiciary in view of the fact that it is an important public policy choice that no doubt will apply to many cases in the future. While we are reluctant to burden our colleagues in the state judiciary with additional work, we believe that an appropriate respect for the prerogatives and responsibilities of Wisconsin requires that we permit its Supreme Court to rule definitively on this matter. This course will ensure that Wisconsin's public policy is, from the outset, applied evenhandedly to all litigants whether they find themselves in a state or federal forum. Other circuits faced with this issue have followed the same course. *See Bradway v. American Nat'l Red Cross*, 965 F.2d 991 (11th Cir.1992); *Kaiser v. Memorial Blood Ctr. of Minneapolis, Inc.*, 938 F.2d 90 (8th Cir.1991).[4]

■ Certainly the resolution of this question is outcome-determinative; the cause of action survives only if the personal injury statute of limitations is applicable. Nor has the Wisconsin Supreme Court yet

---

**4.** In *Kaiser*, 486 N.W.2d 762 (Minn.1992), the Minnesota Supreme Court ruled that the shorter limitations period in its medical malpractice statute would not control.

had the opportunity to illuminate a clear path for us,[5] and we prefer to avoid speculation and the potential for conflict when there is no clear controlling precedent. *Transamerica Ins. Co. v. Henry*, 904 F.2d 387, 390 (7th Cir.1990).

■ The Red Cross contends, in addition, that certification is not appropriate at this juncture because the issue has not been briefed in this court. In the usual course,

we certify an issue only after briefing. *See* Circuit Rule 52. Here, however, we invoke Circuit Rule 2, which permits us to make exceptions to our own rules when circumstances so require. Several reasons counsel us to take this path: first, the issue is a narrow one, without disputed facts; second, we have the benefit of the district court's comprehensive opinion; third, the parties have briefed the issue extensively in addressing the certification motion; and,

5. In *Clark v. Erdmann*, 161 Wis.2d 428, 468 N.W.2d 18 (1991), the court was called upon to determine whether a podiatrist is a "health care provider" for purposes of the same medical malpractice provision that is at issue here. Several aspects of the *Clark* decision convince us that it may not mandate the sort of broad reading of "health care provider" that would clearly embrace blood banks.

In *Clark*, podiatrists were expressly included among "health care providers" in Section 655.-001(8), a section of the statute relating to health care liability and patient compensation that was in effect during the period when the injury commenced in that case. The express reference to podiatrists was later removed from the provision. While the *Clark* court found Section 655.-001(8) to be "not particularly instructive to our treatment of sec. 893.55 in the instant case," 468 N.W.2d at 22, it refused to give retroactive effect to the subsequent removal of the term and relied on the section to some extent to support the broad reading that it adopted in considering podiatrists to be "health care providers." In addition, the *Clark* court cited to several other sections of the Wisconsin statutes that expressly include podiatrists as health care professionals. *Id.* Finally, the *Clark* court ruled that the term plainly applies to anyone who professionally provides health care to others. Podiatrists do exactly that: they provide health care to others; and, like other professional health care providers, they are licensed to practice by the state medical examining board pursuant to ch. 488, Stats. *Id.* We agree with the appellants that this case is sufficiently different that *Clark* cannot be said to provide clear controlling authority. Here the Red Cross does not supply the kind of face-to-face health care offered by podiatrists and other physicians and health care workers who clearly fall under the rubric. The Wisconsin Supreme Court may conclude that the Red Cross' role in health care is somewhat removed, relying as it does on the medical judgments of others who are more directly involved with the patients. A reasonable argument may be framed that the provision of blood products is more akin to the provision of health care products, such as the intrauterine device or the prosthesis at issue in *Hansen v. A.H. Robins, Inc.*, 113 Wis.2d 550, 335 N.W.2d 578 (1983) (analyzed under the personal injury statute) and *S.J.D. v. Mentor Corp.*, 159

Wis.2d 261, 463 N.W.2d 873 (1990), *review denied,* —— Wis.2d ——, 468 N.W.2d 28 (1991) (same).

Cases from other jurisdictions demonstrate no clear consensus. For example, the court in *Miles Labs, Inc. v. Jane Doe*, 315 Md. 704, 556 A.2d 1107 (1989), considered a similar question certified to it by a federal district court and found that a blood bank is not a "health care provider;" there, however, the Act defined the term as including "a hospital, a related institution . . ., a physician, an osteopath, an optometrist, a chiropractor, a registered or licensed practical nurse, a dentist, a podiatrist, and a physical therapist, licensed or authorized to provide one or more health care services in Maryland." *Id.* 556 A.2d at 1125. In *Silva v. Southwest Florida Blood Bank, Inc.*, 601 So.2d 1184 (Fla.1992), the court found the blood bank to be no more than the supplier of a product and determined that the blood bank did not function within the statute's ambit of "diagnosis, treatment, or care." The court in *Doe v. American Red Cross Blood Services*, 297 S.C. 430, 377 S.E.2d 323 (1989), however, found a blood bank to be a medical professional for purposes of ascertaining the relevant standard of care. *See also Wilson v. American Red Cross*, 600 So.2d 216, 218 (Ala.1992) (citing to *Doe* in finding that a blood bank was a medical service and that the Red Cross should be subject to a professional standard of care); *United Blood Services v. Quintana*, 827 P.2d 509 (Colo.1992) (same).

We also note that other federal courts have not regarded tangential guidance on the issue as sufficient reason to forego certification. In *Kaiser v. Memorial Blood Center of Minneapolis*, 721 F.Supp. 1073 (D.Minn.1989), and *Kaiser*, 938 F.2d 90 (8th Cir.1991) (certifying the statute of limitations question to the Minnesota Supreme Court), the court had some direction from the statute, which defined "health care professional" as "a person licensed or registered to practice a healing art. . . ." (Minn.Stat. Section 145.61(2)). Nonetheless, the Eighth Circuit certified the statute of limitations question to the Minnesota Supreme Court. Likewise, the court in *Bradway v. American National Red Cross*, 965 F.2d 991 (11th Cir.1992), certified to the Georgia Supreme Court the question of whether a blood bank's alleged negligence in dispensing AIDS–infected blood created a cause of action for negligence or medical malpractice.

fourth, it appears that this course will be most expeditious and economical.

## Conclusion

For the foregoing reasons, we respectfully request the Wisconsin Supreme Court to answer the following question of law:

> Whether a blood bank, sued in negligence for failing properly to screen donors and test blood or blood products, is "a person who is a health care provider" within the meaning of the Wisconsin medical malpractice statute of limitations, Wis.Stat.Ann. § 893.55?

Further proceedings in this court are stayed while this matter is considered by the Supreme Court of Wisconsin.

QUESTION CERTIFIED.